ORIGINAL

# United States Court of Federal Claims

No. 18-849 C
Filed: June 19, 2018

FILED
JUN 1 9 2018
U.S. COURT OF
FEDERAL CLAIMS

| | )
CHARLES BENJAMIN SANDFORD, | )
 | )
Plaintiff, | )
 | )
v. | )
 | )
THE UNITED STATES, | )
 | )
Defendant. | )

## ORDER

On June 14, 2018, this Court dismissed *Sandford v. United States* (No. 18-787), *sua sponte*, for lack of jurisdiction. On June 13, 2018, this Court received a complaint in this directly related case, *Sandford v. United States* (No. 18-849). Due to the nature of *pro se* filings, this Court did not receive notice of this directly-related Complaint until after issuing its dismissal in *Sandford v. United States* (No. 18-787), *sua sponte*. As the original case has already been dismissed, the Court will now deal with this case directly.

In the case at bar, plaintiff, proceeding *pro se*, is seeking damages caused by various alleged offenses committed by state and local officials. In his Complaint, plaintiff alleges, *inter alia*, that New Jersey law enforcement and judicial officials assaulted, kidnapped, and defrauded him, trespassed on and unlawfully searched his grandmother's automobile, unlawfully arrested him, and subjected him to threat, duress, and coercion. Complaint (hereinafter "Compl.") at 2, 3. In addition to his Complaint, plaintiff has filed a motion to proceed *in forma pauperis*.

This Court's authority to hear cases is primarily defined by the Tucker Act, which grants this Court subject-matter jurisdiction over claims against the United States of America that are founded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1) (2012). The Rules of the Court of Federal Claims ("RCFC") state that "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." RCFC 12(h)(3). Pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, "[d]espite this permissive standard, a *pro se* plaintiff must still satisfy the [C]ourt's jurisdictional requirements" for the Court to entertain plaintiff's claims. *See Trevino v. United* States, 113 Fed. Cl. 204, 208 (2013) (referencing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004) ("This latitude . . . does not relieve a *pro se* plaintiff from meeting jurisdictional requirements.") (emphasis added)). *Pro se* or not, each plaintiff carries the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Upon *sua sponte* review, this Court finds that plaintiff's allegations are tortious in nature. Further, plaintiff's Complaint pertains to the State of New Jersey and officials working on behalf of or employed by the State of New Jersey or its municipalities. Compl. at 2, 3. The Court has no jurisdiction over state actions, state officials, or private citizens. 28 U.S.C. § 1491(a)(1). This Court's sole jurisdiction is over the United States of America and actions taken by federal officials generally concerning money or its equivalents in property. *Id.* Pursuant to 28 U.S.C. § 1491(a)(1), plaintiff's Complaint does not give rise to any cause of action for which this Court has subject-matter jurisdiction. Thus, this Court has no authority to decide plaintiff's case, and must dismiss the Complaint pursuant to RCFC 12(h)(3).

For good cause shown, plaintiff's application to proceed *in forma pauperis* is **GRANTED**. For the reasons set forth above, plaintiff's Complaint is, *sua sponte*, **DISMISSED** pursuant to RCFC 12(h)(3) for lack of subject-matter jurisdiction. The Clerk of Court is hereby directed to enter judgment consistent with this Opinion.

**IT IS SO ORDERED.**

Loren A. Smith
Senior Judge